BOARD OF FREEHOLDERS OF THE COUNTY OF HUDSON, complainant-respondent,

*v.*

DOMINIC SINISI and ELDORADO RESTAURANT, INCORPORATED, defendants-appellants.

[Decided January 31st, 1927.]

On cross-appeals from an order of the court of chancery advised by Vice-Chancellor Bentley.

*Mr. John Milton,* for the appellant Dominic Sinisi.

*Mr. Thomas J. Brogan,* for the appellant Eldorado Restaurant; Incorporated.

PER CURIAM.

These appeals are taken from an order of the court of chancery determining the proper distribution of moneys paid by the county of Hudson in a condemnation proceeding by

which it acquired land owned by Sinisi and rented by him to the Eldorado Restaurant, Incorporated. The amount of the award was $144,000; and, in compliance with the statute, was paid into the court of chancery, to be distributed between the owner and the tenant in proportion to the value of their respective interests in the land taken. The order for the distribution of the fund was made after a hearing had before Vice-Chancellor Bentley, at the conclusion of which he determined the value of the leasehold interest of the restaurant company to be $15,426, and directed that payment of this amount be made to the corporation out of the fund. From the order so directing the company has appealed, because, as it alleges, the amount awarded to it was much less than the true value of its leasehold interest, and Sinisi has appealed because the award was, as he alleges, grossly excessive.

It appears from the proofs that the lease of the restaurant company was executed in 1922; that it covered a term of ten years, with a condition for a five-year renewal; that the rental for the first five years was $4,700 annually, and for the second five years $5,700 each year. The county took possession of the property on the 1st of June, 1925; that is, six and one-half years before the termination of the original lease. According to the testimony of experts produced by the owner, the value of the unexpired term was $8,301. On the other hand, experts produced by the restaurant company testified that it was worth $43,272.

The finding of the vice-chancellor suggests that he was not impressed with the opinion of the so-called experts as to the value of this leasehold interest; and that he based his finding largely upon other facts proved at the hearing. Our examination of the evidence in the cause does not satisfy us that the finding of the vice-chancellor is contrary to the weight of the testimony submitted to him.

The order under review, therefore, will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.